IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00041-FDW

| | |
|---|---|
| TRACEY TERRELL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUSAN WHITE, Superintendent, ) | |
| Alexander Correctional Institution; ) | **ORDER** |
| FNU DULA, Officer; FNU BUTLER, ) | |
| Officer; FNU MAYNOR, Captain; ) | |
| FNU HAMILTON, Captain; ) | |
| FNU SHILLING, R.N., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of the pro se complaint filed by Plaintiff, who is a prisoner of the State of North Carolina, pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.[1]

## I. BACKGROUND

On April 30, 2015, Plaintiff was housed at the Alexander Correctional Institution (ACI) and he was in his cell awaiting officers to escort him to a mental health appointment. Officers Dula and Butler later arrived for that purpose and they placed Plaintiff in full restraints and began to assist him down some stairs on the way to the appointment. While en route, Plaintiff fell down the stairs and sustained serious injuries that left him confined him to a wheelchair for an unspecified time. (Doc. No. 1: Compl. at 5-6, 9, 12).[2]

On August 13, 2015, Plaintiff alleges he was sexually assaulted by a fellow inmate and that

---

[1] Plaintiff has filed for appointment of counsel. The request will be denied as Plaintiff has not made the requisite showing of exceptional circumstances. See Miller v. Simmons, 814 F.2d 962, 966 (1987); 28 U.S.C. § 1915(e)(1).
[2] Plaintiff also blankly mentions an assault by staff on July 11, 2015, although he provides no further details. (Id. at 6).

1

he had been receiving threats prompting him to request protective custody. Sergeant Quinn investigated the allegation of sexual assault and found it unsubstantiated and he accused Plaintiff of lying about the incident. Plaintiff was later disciplined based on his conduct in reporting the alleged incident. (Id. at 6-7).

On May 5, 2015, Plaintiff fell out of his bed and Nurse Shilling responded and called for additional support. Captain Maynor arrived at Plaintiff's cell and picked Plaintiff up in a rough manner and "slammed" him down into his wheelchair which caused injuries to his neck and his back. Plaintiff apparently protested about the pain and Maynor responded by calling him a "Big Black Cry Baby." (Id. at 8).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments", U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and

2

wanton infliction of pain[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm was sufficiently serious—and a subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillan, 503 U.S. 1, 7 (1992)).

A. April 30, 2015

Plaintiff's allegations regarding Officers Dula and Butler are fatally at odds with themselves. For instance, on four or five occasions Plaintiff admits that his fall down the stairs resulted from the officers' negligence in escorting him and failure to follow proper protocol. (Compl. at 6, 9, 12). Yet, at times in the same sentence he will acknowledge negligence and then declare he was pushed down the stairs. Plaintiff even filed a written grievance following his fall where he claims he was pushed and then goes on to charge Officers Dula and Butler with negligence in their effort to assist him down the stairs. (Doc. No. 1-1 at 11).

Plaintiff's allegations are judicial admissions and his overwhelming contention that the officers were merely negligent, as opposed to acting "sadistically" in causing him to fall down the stairs, tends to show there was no malice or ill-will and does Plaintiff fairly assert there was any. Plaintiff offers no motive, statements or otherwise, to explain that the officers, on the allegations presented here, did anything other than negligently conduct him down the stairs. In sum, Plaintiff's repeated judicial admissions that the officers acted negligently when coupled with the burden to demonstrate the officers acted with the requisite state of mind prove fatal to Plaintiff's

3

claim.

B.      August 13, 2015

Here, Plaintiff contends that he complained to one or more defendants that threats were being leveled against him, presumably by fellow inmates, although he does not specify when and who is making the threats. Whether related to those threats or not, Plaintiff alleges he was sexually assaulted on August 13, 2015, and that he reported the incident. After Investigator Quinn looked into the matter, he concluded that Plaintiff had lied about the incident which resulted in charges against Plaintiff and ultimately punishment after he was apparently found guilty.

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison official for failure to protect an inmate from violence by other inmates, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 833-37.

Plaintiff has failed to carry his burden to show that any of the defendants were remiss in ensuring that he was relatively safe outside of protective custody. Plaintiff's allegations amount to nothing other than he claimed that he made them aware of threats from unnamed sources that occurred during unidentified times.

4

C. May 5, 2015

Plaintiff's claims against Nurse Shilling and Captain Raynor for cruel and unusual punishment fail for the same reasons articulated above. Namely, Plaintiff's allegations do not present a case where it appears that either Shilling or Raynor were acting in a sadistic or malicious manner. It is, of course, understandable that Plaintiff could be in severe pain after having fallen down the stairs just days earlier and then falling from his bed onto the floor. Maynor's efforts, or anyone else's, would inevitably involve a risk that Plaintiff would experience additional pain. That Maynor may have taunted him in crude fashion does not, however, support an actionable claim.

## IV. CONCLUSION

For the reasons state herein, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motions to appoint counsel are **DENIED**. (Doc. Nos. 23, 24).

2. Plaintiff's motions for discovery or to compel discovery are **DENIED**. (Doc. Nos. 25, 33, 34).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge